**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

___

| | |
|---|---|
| **VANTICE L. BESHEARS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-2134 |
| ) | |
| **R. V. VEACH, Warden, and** ) | |
| **LISA MADIGAN, Attorney General of** ) | |
| **Illinois,**[1] ) | |
| ) | |
| Respondents. ) | |

___

**OPINION**
___

On April 5, 2005, Petitioner Vantice Beshears pleaded guilty to theft and burglary in the Circuit Court of Champaign County, Illinois in two separate cases. These cases were set for sentencing on May 20, 2005, but Petitioner did not appear. Petitioner's attorney indicated that Petitioner was receiving treatment for an asthma attack. The prosecutor moved to sentence Petitioner in absentia, but the court denied the motion and reset the sentencing for May 31, 2005. Petitioner again failed to appear on May 31, 2005, and the court sentenced Petitioner to a term of four years' imprisonment on the burglary conviction and two years' imprisonment on the theft conviction, with the sentences to run consecutively.

On July 8, 2005, Petitioner was indicted in the United States District Court for the Central District of Illinois, Peoria Division. Petitioner was indicted on three counts of bank robbery. On

___

[1] R.V. Veach and Lisa Madigan have been substituted as Respondents in this matter pursuant to Rule 2(b) of the Rules Governing § 2254 Cases. R.V. Veach is the warden of the facility where Petitioner is currently housed and Lisa Madigan is also named as the attorney general of the state where the judgment was entered which Petitioner is attacking.

February 10, 2006, Petitioner pleaded guilty to one count of the indictment.  On May 25, 2006, Petitioner was sentenced to a term of 100 months' imprisonment.  On June 11, 2007, Petitioner's sentence was reduced to 60 months' imprisonment.  Petitioner is currently in federal custody on this sentence.  Based upon the record before the court, it appears Petitioner did not appeal either his state or federal convictions or sentences.

On July 3, 2006, the Circuit Court of Champaign County issued a writ of habeas corpus to produce Petitioner for a hearing on July 13, 2006.  It is not clear from the record the purpose for which the hearing was to be held.  Petitioner was in federal custody at the time and alleges that the writ was ignored by prison officials.  On August 15, 2007, Petitioner filed a document entitled "Special and Limited Entry of Appearance" in the Circuit Court of Champaign County.  It appears that Petitioner is arguing in that document that Illinois courts lost jurisdiction over him with regard to the state prosecutions when Petitioner was handed over to federal authorities.  On October 22, 2007, Petitioner was appointed counsel by the Champaign County Circuit Court on that matter.

On May 17, 2007, Petitioner filed the instant Petition (#1) in the United States District Court for the Southern District of Illinois.  On July 20, 2007, this matter was transferred to this court.  On November 30, 2007, Respondent Lisa Madigan filed a Motion to Dismiss (#11)[2] arguing that the petition is barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.  Petitioner filed his Response (#16) to the Motion to Dismiss on February 6, 2008.

This court first notes that Petitioner filed his petition pursuant to 28 U.S.C. § 2241.  However, Petitioner is challenging his state court convictions and sentences.  In his petition, Petitioner asks this

---

[2] Petitioner has also filed a Motion for Default Judgment and to Strike (#10) asking this court to strike Respondent's motion to dismiss and enter judgment in his favor because of the length of time it took Respondent to file the motion to dismiss.  The court finds Petitioner's motion without merit.

court to "null and void" the state cases involving Petitioner and "dismiss them with prejudice." Because Petitioner is a person in custody under a federal court judgment and is seeking "a determination that future custody under a state-court judgment would violate the Constitution, laws, or treaties of the United States," the petition is properly brought pursuant to 28 U.S.C. § 2254. See Rule 1(a)(2) of the Rules Governing § 2254 Cases.

Under the AEDPA, a one year statute of limitations applies for a habeas corpus petition filed pursuant to § 2254. 28 U.S.C. § 2244 (d)(1). § 2244(d)(1) provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner's state court convictions became final on June 29, 2005, thirty days after his sentencing, because Petitioner failed to file a motion to reconsider the sentence or a motion to withdraw his plea of guilty within that time frame. See ILCS S. Ct. Rule 604(d). Any § 2254 petition challenging his convictions had to be filed within one year of that date. See 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his instant petition for habeas relief on May 17, 2007, well outside

of this one year statute of limitations.

The court notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). While Petitioner did file a document entitled "Special and Limited Entry of Appearance" in the Circuit Court of Champaign County, even if this court excluded the time during which these matters were pending, Petitioner's habeas petition would still be untimely. Petitioner did not file this document until August 15, 2007, after the statute of limitations had run for Petitioner to file the instant petition. Furthermore, none of the alternative dates to start the statute of limitations provided in § 2244(d) apply in this matter.

In his response to the Motion to Dismiss, Petitioner argues that his case cannot be time barred because "no sentence has been handed down." However, the record clearly indicates Petitioner was sentenced in the Circuit Court of Champaign County on May 31, 2005. Accordingly, this court concludes Petitioner's petition must be dismissed as untimely.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion for Default Judgment and to Strike (#10) is DENIED.

(2) Respondent's Motion to Dismiss (#13) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

(3) This case is terminated.

ENTERED this   13th   day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE